UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FARHA Z.B.,[1] | ) |
|               Plaintiff, | ) No. 23 CV 2999 |
| v. | ) Magistrate Judge Young B. Kim |
| FRANK BISIGNANO, Commissioner of Social Security, | ) |
|               Defendant. | ) February 2, 2026 |

**MEMORANDUM OPINION and ORDER**

Farha Z.B. seeks disability benefits asserting that she is disabled by a combination of physical and mental impairments. She brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her application for benefits. For the following reasons, Farha's remand request is denied:

**Procedural History**

Farha filed a benefits application in January 2021 claiming disability onset on November 17, 2017. (Administrative Record ("A.R.") 14, 177-83.) She later amended her disability onset date to January 8, 2021. (Id. at 14.) After her application was denied at the administrative level, (id. at 128, 130-34), she sought and was granted a hearing before an Administrative Law Judge ("ALJ"), at which she and a vocational expert testified, (id. at 33-77, 135). The ALJ concluded in October 2022 that Farha is

---

[1] Pursuant to Internal Operating Procedure 22, the court uses Farha's first name and last initial in this opinion to protect her privacy to the extent possible.

not disabled. (Id. at 14-28.) After the Appeals Council denied Farha's request for review, (id. at 1-7), she sought judicial review, and the parties consented to this court's jurisdiction, 28 U.S.C. §636(c); (R. 5).

## Analysis

Farha asserts that the ALJ erred by finding the state agency reviewing physicians' opinions more persuasive than her primary care physician Dr. Amira Abraham's opinion. (R. 12-1, Pl.'s Mem. at 7-14.) When reviewing the ALJ's decision, the court asks only whether the ALJ applied the correct legal standards and the decision has the support of substantial evidence, *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019), which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation and citations omitted). This deferential standard precludes the court from reweighing evidence or substituting its judgment for the ALJ's, allowing reversal "only if the record compels" it. *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) (quotation and citation omitted). However, the ALJ's "analysis must say enough to enable a review of whether the ALJ considered the totality of a claimant's limitations," *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021), and "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow [the] reviewing court[ ] to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review,'" *Warnell v. O'Malley*, 97 F.4th 1050, 1054 (7th Cir. 2024) (quoting *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014)). Viewing the record under this standard, remand is not warranted here.

Farha argues that the ALJ improperly found the state agency reviewing physicians' opinions more persuasive than Dr. Abraham's opinion, which the ALJ deemed "not persuasive." (A.R. 24-25.) Under applicable regulations, an ALJ may not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must instead assess the persuasiveness of all medical opinions by considering and explaining the most important factors—supportability and consistency. 20 C.F.R. §§ 404.1520c, 416.920c(b)(2); *Albert v. Kijakazi*, 34 F.4th 611, 614 (7th Cir. 2022). The supportability factor requires consideration of the objective medical evidence and explanations the medical source offered, 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1), while the consistency factor directs the ALJ to consider and explain how the opinion is consistent with all other medical and nonmedical sources, 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). The ALJ may also, but is not required to, explain how she considered the medical source's specializations and relationship with the claimant and any other factors that tend to support or contradict the source's opinion. 20 C.F.R. §§ 404.1520c, 416.920c(b)(2).

Dr. Abraham completed a physical residual functional capacity ("RFC") assessment for Farha in April 2022. (A.R. 492-511.) An RFC measures the tasks a person can perform given her limitations based on "all the relevant evidence" in the administrative record. 20 C.F.R. § 404.1545(a)(1); *see also Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013). Dr. Abraham found that Farha can lift and carry at most 10 pounds, stand or walk for less than 2 hours, sit or stand alternately as needed,

3

and push or pull with her upper extremities. (A.R. 493.) Dr. Abraham further opined that Farha is limited in her ability to reach in all directions and handle, finger, and feel, and can only occasionally climb, balance, stoop, kneel, crouch, and crawl. (Id. at 494-95.)

Despite acknowledging Dr. Abraham's "established provider relationship" with Farha, the ALJ found her opinion "not persuasive" because she failed to "support the opinion[] with a detailed explanation" and her findings contradicted "treatment notes [and] the longitudinal evidence of record." (Id. at 25.) Indeed, the ALJ found that Dr. Abraham's examinations of Farha were "unremarkable" and her opinions were "based primarily upon [Farah's] subjective complaints."[2] (Id.) Dr. Abraham noted that Farha had complained of joint pain for 13 years, along with "sever[e] back pain [and] numbness," limited "range of movements [and] numbness and tingling" in both arms, "chronic neck pain," "peripheral neuropathy," and "fibromyalgia chronic extremities pain." (Id. at 493-94, 497.) But the ALJ determined that Dr. Abraham's opinion lacked a "detailed explanation" and was "not corroborated [by] the medical evidence." (Id. at 25.)

In so finding, the ALJ considered the record evidence and explained how it undermined Dr. Abraham's opinion. For instance, the ALJ reviewed diagnostic studies, including MRI, EMG, x-ray, and ultrasound tests, which, with the exception of a shoulder MRI, revealed largely unremarkable findings. (See id. at 21 (citing to

---

[2] Farha does not challenge the ALJ's subjective symptom assessment and therefore has forfeited any argument that the ALJ improperly evaluated her symptom statements. *See Brown v. Colvin*, 661 Fed. Appx. 894, 895 (7th Cir. 2016).

4

e.g., id. at 392-93 (rheumatology record noting November 2019 right shoulder MRI showing "full thickness linear tear of the subscapular tendon junction and segment tear of the superior posterior labrum with biceps tendinosis," January 2021 negative EMG, and February 2021 hand x-rays revealing no "significant periarticular osteopenia or joint space narrowing of the MCPs, PIPs or carpal joints"), 397 (rheumatology record discussing February 2021 bilateral hand ultrasound showing "minor synovial thickening in [Farha's] MCP joints with no significant hyperemia in the right wrist" and "a very small amount of fluid with mild synovial thickening [and] nonspecific changes with no major concern for inflammatory arthritis).) And the ALJ noted that examinations, including those Dr. Abraham performed, similarly reflected largely normal musculoskeletal findings, including with respect to range of motion and strength and sensation. (Id. (citing to e.g., id. at 339-42 (Dr. Abraham's July 2020 examination showing "normal full range of motion of all joints," "no focal deficits," and "normal sensation, reflexes, coordination, muscle strength and tone"), 351 (January 2021 rheumatology examination revealing "[f]ull range of motion of the cervical spine without pain," "[n]ormal sensation to the touch in the bilateral upper extremities," intact motor, and "no numbness," but also noting Farha reported "pain with grasping and resisted wrist extension"), 389 (Dr. Abraham's January 2021 examination showing "shoulder joint tenderness and decreased [range of motion]" but "no focal deficits" and "normal sensation, reflexes, coordination, muscle strength and tone").) Moreover, the ALJ accurately characterized Farha's treatment during the applicable period as "conservative and routine," without recent surgery or injections.

5

(Id. at 21-22 (discussing Farha's reports of ineffective treatment with corticosteroids and physical therapy and noting prescriptions for Gabapentin, Tizanidine, Lyrica, and other medications).)

By contrast, the ALJ found the state agency reviewing physicians' opinions "persuasive" because they "supported their findings with an explanation based on a review of the evidence" and their RFC findings were "consistent with the evidence." (Id. at 24 (citing to id. at 101-02, 114).) According to the state agency reviewing physicians, Farha can perform light work with frequent handling and fingering, occasional overhead reaching, and postural limitations, including occasional crawling and climbing ladders, ropes, or scaffolds. (Id.) The ALJ noted these findings were consistent with Farha's "treatment history, the diagnostic studies, and the examination findings," but made "slight adjustments based upon updated medical evidence and testimony," including Farha's surgeries in 2014 and 2016 and her "overall subjective pain, numbness and aching complaints." (Id.) As a result, the ALJ determined that Farha can: frequently push and pull hand controls and forward and backward reach but not overhead reach; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and never climb ladders, ropes, or scaffolds. (Id. at 19-20.) Given the ALJ's comprehensive analysis, the court finds that she adequately considered the supportability and consistency of Dr. Abraham's opinion with the record evidence and supplied substantial evidence to support her analysis. *See* 20 C.F.R. §§ 404.1520c(c), 416.920c(b)(2), (c)(1).

## Conclusion

For the foregoing reasons, Farha's remand request is denied, and the Commissioner's decision is affirmed.

**ENTER:**

_____
**Young B. Kim
United States Magistrate Judge**